KENDALL BRILL & KELLY LLP
Bert H. Deixler (70614)
  *bdeixler@kbkfirm.com*
Nary Kim (293639)
  *nkim@kbkfirm.com*
Charles J. Snyder (287246)
  *csnyder@kbkfirm.com*
10100 Santa Monica Blvd., Suite 2500
Los Angeles, California 90067
Telephone:  310.556.2700
Facsimile:   310.556.2705

O'HAGAN MEYER
Clint Robison (158834)
  *crobison@ohaganmeyer.com*
Brooke Royes (337273)
  *broyes@ohaganmeyer.com*
21650 Oxnard Street, Suite 530
Woodland Hills, CA  91367
Telephone:  213.306.1610

Attorneys for Defendants
Passes, Inc. and Lucy Guo

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALICE ROSENBLUM,<br><br>          Plaintiff,<br><br>     v.<br><br>PASSES, INC., a Delaware corporation, NOFHOTOS GROUP LLC, a California limited liability company, WLM MANAGEMENT LLC, a California limited liability company, LUCY GUO, an individual ALEC CELESTIN, an individual, and LANI GINOZA, an individual,<br><br>          Defendants. | Case No. 2:25-cv-08457-JLS-PD<br><br>**DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Judge:  Hon. Josephine L. Staton<br>Ctrm:   8A<br><br>Trial Date:          TBD |

604489631

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

Defendants Passes, Inc. and Lucy Guo (the "Passes Defendants") hereby answer the Second Amended Complaint (the "SAC"), as follows:

## ANSWER

Preamble to SAC:  Plaintiff Alice Rosenblum, an individual ("Plaintiff"), by and through undersigned counsel, brings this action against the above-named Defendants. Plaintiff is a sex crime victim. She has had images and videos of her engaged in sexually explicit conduct made when she was under the age of 18, content knowingly produced, possessed, sold and distributed by Defendants Passes, Inc., a Delaware corporation ("Passes"), Nofhotos Group LLC, a California limited liability company ("Nofhotos"), WLM Management LLC, a California limited liability company ("WLM"), Lucy Guo, an individual ("Guo").  Alec Celestin, and individual ("Celestin), and Lani Ginoza, an individual ("Ginoza") (collectively, Passes, Nofhotos, WLM, Guo, Celestin and Ginoza are the "Defendants"), and for her Complaint alleges as follows:

### Answer

The Passes Defendants deny the preamble.  To the extent the preamble contains legal conclusions, no response is required.

Footnote 1:  On or about April 15, 2025, Alec Celestin filed for bankruptcy in the United States Bankruptcy Court for the Central District of California (In Celestin, 8:25-bk-10841-SC (Bankr. C.D. Cal.)). Claims against the debtor Celestin are stayed and not asserted at this time in accordance with 11 U.S.C. § 362(a).

### Answer

The Passes Defendants admit the existence of a bankruptcy case bearing the case number 8:25-bk-10841-SC (Bankr. C.D. Cal.) and state that the filings in that case speak for themselves.  The Passes Defendants deny any description or characterization of any filing in that case that is inconsistent with its actual contents.

### NATURE OF THE ACTION

1. Plaintiff brings this action against the Defendants, who financially benefited

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

2

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

from, or otherwise participated in, the production, possession, sale, and distribution of child pornography; that is, images and videos of Plaintiff, who was under 18 years old until September 21, 2024, engaged in sexually explicit conduct.

**Answer**

The Passes Defendants admit that Plaintiff has brought this action against the defendants named in the SAC and otherwise deny Paragraph 1.  To the extent Paragraph 1 contains legal conclusions, no response is required.

2. Each of the Defendants knew or recklessly disregarded the fact that Plaintiff was a minor and knew that they produced, possessed, sold, and distributed images and videos of Plaintiff engaged in sexually explicit conduct at all times relevant. Each of the Defendants substantially contributed to or commissioned this production, possession, sale, and distribution.

**Answer**

The Passes Defendants deny Paragraph 2 with respect to themselves.  The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 in relation to the other defendants and thus deny them on that basis.  To the extent Paragraph 2 contains legal conclusions, no response is required.

3. Starting in or around July 2024, the Defendants conspired to recruit and groom Plaintiff, a then 17-year-old female minor, so that the Defendants could knowingly produce, market, sell, and distribute child pornography; namely, visual depictions of the lascivious exhibition of her anus, genitals, or pubic area as defined under 18 U.S.C. §§ 2252, 2252A and 2256.

**Answer**

The Passes Defendants deny Paragraph 3 with respect to themselves.  The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 in relation to the other defendants and thus deny them on that basis.  To the extent Paragraph 3 contains legal conclusions,

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

604489631

3

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

no response is required.

4. Between July 2024 and September 2024, Guo personally intervened to override Passes' strict internal safety controls tailored for creators of social media content aged between 15 and 17 years old to strip and deprive Plaintiff of any protections offered by Passes against the exploitation of her, a then minor, as actions substantially contributing to further the conspiracy.

**Answer**

The Passes Defendants admit that Passes had strict internal safety controls during the relevant time period and otherwise deny Paragraph 4.

5. Between July 2024 and September 2024, Celestin and Ginoza, acting as agents for and with the full knowledge of, and authority from, Passes and Guo, directed and induced Plaintiff, a then-17-year-old minor, to create images and videos of herself engaged in sexually explicit conduct and to upload them to the Passes data storage system known as "the Vault" (the "Passes Vault"). Defendants substantially contributed to or commissioned the creation and uploading of these images and videos.

**Answer**

The Passes Defendants deny that Celestin and Ginoza acted with their knowledge or authority. The Passes Defendants also deny the other allegations of Paragraph 5 with respect to themselves. The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 in relation to the other defendants and thus deny them on that basis. To the extent Paragraph 5 contains legal conclusions, no response is required.

6. Between July 2024 and September 2024, Passes and Guo (collectively, the "Passes Defendants"), knew that Plaintiff, a then minor, acting at the direction of Passes' and Guo's agents, Celestin and Ginoza, uploaded images and videos of herself engaged in sexually explicit conduct to the Passes Vault, but neither Passes nor Guo took any remedial action whatsoever.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631    4

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

The Passes Defendants deny Paragraph 6.  To the extent Paragraph 6 contains legal conclusions, no response is required.

7. Between July 2024 and September 2024, Celestin and Ginoza, acting as agents for and with the full knowledge of, and authority from, Passes and Guo, conspired to market, sell and distribute images and videos of Plaintiff engaged in sexually explicit conduct through the Passes internet messaging system to Passes customers, including those known as "big spenders" and "whales," in exchange for money.

**Answer**

The Passes Defendants deny that Celestin and Ginoza acted with their knowledge or authority.  The Passes Defendants also deny the other allegations of Paragraph 7 with respect to themselves.  The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 in relation to the other defendants and thus deny them on that basis. To the extent Paragraph 7 contains legal conclusions, no response is required.

8. Passes and Guo knew that their agents Celestin and Ginoza marketed, sold and distributed images and videos of Plaintiff engaged in sexually explicit conduct, but neither Passes nor Guo took any remedial action whatsoever.

**Answer**

The Passes Defendants deny Paragraph 8.  To the extent Paragraph 8 contains legal conclusions, no response is required.

9. This pattern repeated itself with other minor Creators on the Passes platform.

**Answer**

The Passes Defendants deny Paragraph 9.

10. Passes presently possesses images and videos of then-minor Plaintiff and other then-minor Creators engaged in sexually explicit conduct in the Passes Vault.

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

5

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

Paragraph 10 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided. To the extent Paragraph 10 contains any factual allegations, the Passes Defendants deny those allegations.

11. Passes presently possesses records and evidence of the advertisement and distribution of child pornography of Plaintiff and other then-minor Creators in its direct messaging archives.

**Answer**

Paragraph 11 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided. To the extent Paragraph 11 contains any factual allegations, the Passes Defendants deny those allegations.

12. Plaintiff seeks damages in an amount to be determined at trial, injunctive relief and declaratory judgments to remedy the Defendants' misconduct.

**Answer**

The Passes Defendants admit that Plaintiff seeks the relief referenced and otherwise deny Paragraph 12.

**PARTIES**

13. Plaintiff Alice Rosenblum is an individual who is now at the age of majority under Florida law and presently resides in Miami-Dade County, Florida. She was a 17-year-old Creator for Passes at all times relevant and is a victim of child pornography.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 13 and thus deny them on that basis. The Passes Defendants deny the rest of the allegations in Paragraph 13.

14. Defendant Passes Inc. is a Delaware corporation. According to an affidavit of Lucy Guo filed in this action (ECF No. 12-1), Passes has its principal place of

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

6

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

business in Los Angeles, California. Passes' most recent filings with the California and Florida Secretaries of State identify its principal place of business at 1 South East 3rd Avenue, Suite 1440, Miami, Florida 33131. Passes is a paywall platform designed to sell exclusive content, livestreams, one-on-one chats and personalized experiences with creators of content, including minors between the ages of 15 to 17 at all times relevant, to Passes customers and subscribers.

**Answer**

The Passes Defendants admit that Passes is a Delaware corporation with a principal place of business in Los Angeles; and further admit that the California and Florida Secretary of State websites identify a principal address for Passes in Florida. The Passes Defendants deny the balance of the allegations in Paragraph 14.

15. Defendant Nofhotos Group LLC is a California limited liability company with a principal place of business at 11911 Martha Ann Drive, Los Alamitos, California, 90720. Nofhotos was created by Defendant Celestin and acted as an agent of Passes and Guo to recruit and direct creators on Passes to create content, including child pornography. Nofhotos, as an agent of Passes and Guo, marketed and distributed the child pornography through the Passes direct messaging system and platform. At all times relevant, Defendant Celestin owned and controlled Nofhotos.

**Answer**

The Passes Defendants deny that Nofhotos acted as an agent of Passes and Guo and deny the allegations of Paragraph 15 with respect to themselves. The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 in relation to the other defendants and thus deny them on that basis.

16. Defendant WLM Management LLC is a California limited liability company with a principal place of business at 920 N. Kings Road, No. 125, West Hollywood, California 90069. WLM was controlled by Defendant Celestin and, as an agent of Passes and Guo, recruited and directed creators on Passes to create content,

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

604489631

7

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

including child pornography. WLM, as an agent of Passes and Guo, marketed and distributed the child pornography through the Passes direct messaging system and platform. At all times relevant, Defendant Celestin controlled and exercised decision-making authority on behalf of WLM.

**Answer**

The Passes Defendants deny that WLM acted as an agent of Passes and Guo and deny the allegations of Paragraph 16 with respect to themselves. The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 in relation to the other defendants and thus deny them on that basis.

17. Defendant Lucy Guo is the founder and Chief Executive Officer of Passes. Prior to July 2024, she was a resident of Miami-Dade County, Florida. Since July 2024, she has resided in Los Angeles County, California.

**Answer**

The Passes Defendants admit Paragraph 17.

18. Defendant Alec Celestin is the founder of Nofhotos and is a resident of Los Angeles County, California. He acted as an employee and agent of Passes and Guo at all times relevant.

**Answer**

The Passes Defendants deny that Celestin acted as an employee or agent of Passes or Guo. The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 18.

19. Defendant Lani Ginoza was an assistant to Celestin at all times relevant and is a resident of Los Angeles County, California. She acted as an agent of Passes, Guo and Celestin at all times relevant. Ginoza had previously been the Passes Director of Talent, responsible for talent relations and account management, and reported directly to Guo.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

8

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

The Passes Defendants admit that Ginoza was previously employed as Passes' Director of Talent and deny that Ginoza acted as an agent of Passes or Guo. The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 19.

20. As alleged herein, WLM, Nofhotos, Celestin and Ginoza each acted within the course and scope of their authority from Passes and Guo at all times relevant and, as such, were each an agent acting with the permission, authorization, consent, and ratification of Passes and Guo.

**Answer**

The Passes Defendant deny Paragraph 20.

Footnote 3: Plaintiff does not sue Defendants as publishers of third-party content. Plaintiff seeks relief for Defendants' own acts, including creation, development, recruitment, direction, production facilitation, receipt, possession, advertising, and distribution of illegal content; and the conduct of agents acting with actual and apparent authority and for Defendants' benefit.

**Answer**

Footnote 3 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided. To the extent Footnote 3 contains any factual allegations, the Passes Defendants deny those allegations.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under federal child pornography and sexual exploitation laws, 18 U.S.C. §§ 2252, 2252A and 2255, and supplemental jurisdiction over the related pendent state law claims pursuant to 28 U.S.C. § 1367 because the state claims are related to the claims arising under 28 U.S.C. § 1331.

**Answer**

Paragraph 21 consists of legal conclusions as to which no response is required;

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

they are thus considered denied or avoided.  To the extent Paragraph 21 contains any factual allegations, the Passes Defendants deny those allegations.

22. This Court has personal jurisdiction over Defendants Nofhotos and WLM pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure because the Defendants are incorporated in California and have their principal places of business in Los Angeles County, California. This Court has personal jurisdiction over Defendants Celestin, Guo, and Ginoza pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure because each Defendant resides in Los Angeles County, California. This Court has personal jurisdiction over Defendant Passes pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure and California's long-arm statute, Cal. Code Civ. P. § 410.10, because it maintains minimum contacts with California, such that maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice. Passes has extensive business operations in California and, according to Guo's affidavit, Passes' principal place of business is located in Los Angeles County, California. Passes has employees based in Los Angeles County, California, and Plaintiff's claims directly arise from Passes' activities in California and within Los Angeles County. Guo herself is a resident of Los Angeles County, California. The Defendants have purposefully availed themselves of this Court's jurisdiction. Each of the Defendants directs substantial business activity into this jurisdiction. There is a substantial nexus between Plaintiff's claims and the Defendants' activities.

**<u>Answer</u>**

Paragraph 22 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 22 contains any factual allegations, the Passes Defendants deny those allegations with respect to themselves.  The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 in relation to the other defendants and thus deny them on that basis.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

10

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

23. Venue in this Court is proper pursuant to 28 U.S.C.A. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this District. Furthermore, Nofhotos, Passes, and WLM maintain offices in this District, and Guo, Celestin, and Ginoza currently reside in this District. Defendants Passes and Guo, in their motion to dismiss (ECF No. 12), acknowledged that venue in the Central District of California is proper.

### Answer

The Passes Defendants admit that they stated venue was proper in this District in their motion to dismiss filed on April 28, 2025.  The Passes Defendants deny any description or characterization of that motion that is inconsistent with its actual contents.  Otherwise, Paragraph 23 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 23 contains any factual allegations, the Passes Defendants deny those allegations with respect to themselves.  The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 in relation to the other defendants and thus deny them on that basis.

### FACTUAL ALLEGATIONS

24. "Creators" are social media figures and entrepreneurs who make content for various social media platforms, have many followers across these social media platforms, and who monetize their social media presence through paid publicity by making sponsored posts, entering marketing arrangements, and by offering paid content directly to their followers.

### Answer

The Passes Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations or characterizations in Paragraph 24.

25. Fanfix is a content subscription platform that allows Creators to monetize their social media presence by providing Fanfix customers with exclusive, paid content from the Creators and the ability to directly interact with the Creators on

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

Fanfix. Like Passes, in exchange for hosting Creators' content on the platform, Fanfix takes a percentage of Creators' subscription fees.

**Answer**

The Passes Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations or characterizations in Paragraph 25 and thus deny them on that basis.

26. On or about March 20, 2022, Fanfix hired Celestin as a Fanfix brand director. In this role, Celestin worked to promote and market the Fanfix brand and attract Creators to the platform. During his time at Fanfix, Celestin stated on his LinkedIn page that 3 of his "do's and dont's [sic] for building brands" were: "Less 80 page brand guideline books that serve as red tape on what to not do[.] Less perfection[.] Less seriousness[.] More dope things that evoke human emotion[.] More greatness[.] More fun[.]"

**Answer**

The Passes Defendants admit that there is a post containing the quoted language on a LinkedIn page presented as belonging to Celestin. The Passes Defendants deny any description or characterization of the post that is inconsistent with its actual contents. The Passes Defendants otherwise presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and thus deny them on that basis.

27. On or about April 27, 2022, Guo, a then-resident of Miami-Dade County, Florida, founded Passes, which she modeled after Fanfix. Like Fanfix and other Creator-based platforms, Passes allows Creators to charge fans for their content, which includes video chats and direct messages. According to a recent article, Passes "[e]mployees help creators record podcasts, design merchandise, and shoot videos." Paula Tudoran, Lucy Guo, Billionaire Behind Scale AI, Launches Passes For Celebs Like Olivia Dunne And Bella Thorne To Transform Creator Economy, Benzinga (Sept. 10, 2025), https://www.benzinga.com/news/topics/25/09/47592389/lucy-guo-

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

12

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

billionaire-behind-scale-ai-launches-passes-for-celebs-like-olivia-dunne-and-bella-thorne-to-transform-creator-economy. Passes takes an approximately 10% cut of Creator revenue in exchange for hosting the infrastructure and helping creators develop their content.

**Answer**

The Passes Defendants admit that Guo was a resident of Miami-Dade County, Florida on or about April 27, 2022. The Passes Defendants further admit that there is an article, available at the provided link, that contains the quoted sentence. The Passes Defendants deny any description or characterization of the article that is inconsistent with its actual contents. The Passes Defendants otherwise deny Paragraph 27.

28. In that regard, on January 9, 2024, Fanfix sued Passes and others in Fanfixapp LLC v. Passes, Inc., et al., 24SMCV00099, in Los Angeles County Superior Court for, inter alia, unfair business practices. Specifically, Fanfix has brought claims in response to Guo using Fanfix "trade secrets and confidential information . . . making deceptive and false claims about Fanfix," and deploying "unsustainable, loss-leading minimum guarantees to creators and an artificially low commission rate, coupled with unfair and deceptive marketing practices."

**Answer**

The Passes Defendants admit that FanFixApp LLC filed a complaint against Passes, Inc. and other parties on January 9, 2024 containing the quoted language in case referenced. The Passes Defendants deny any description or characterization of the complaint that is inconsistent with its actual contents.

29. To date, Passes has over 1,000 creators and more than 500,000 subscribers on its platform. At the same time, according to public sources, Passes has no more than 50 employees.

**Answer**

The Passes Defendants admit Paragraph 29 but note that Passes has no more than 60 employees.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

604489631

13

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

30. Guo prides herself on maintaining and exercising tight control over all aspects of Passes' business and operations. In a June 22, 2025, article, Guo reported waking up at 5:30 every morning and working until midnight, stating, "I probably don't have work-life balance." *See* Orianna Rosa Royle, *Scale AI's 30-year-old Billionaire Cofounder Has a Warning for Anyone Who Craves Work-Life Balance: 'Maybe You're Not in the Right Work,'* Fortune (June 22, 2025), https://fortune.com/2025/06/22/scale-ai-millennial-billionaire-lucy-guo-warning-work-life-balance-gen-z-wrong-job-career/. Guo added that she personally replies to Passes' customers, giving her team "just five minutes" to reply before she does so herself. Guo explained, "[w]hile you have less customers, it's very possible for the CEO to answer ***everything***, which makes people more loyal." *Id.* (emphasis added).

**<u>Answer</u>**

The Passes Defendants admit that there is an article, available at the provided link, that contains the quoted language.  The Passes Defendants deny any description or characterization of the article that is inconsistent with its actual contents.  The Passes Defendants otherwise deny Paragraph 30.

31. At all relevant times, under Guo's direction, Passes, unlike most other content subscription platforms, allowed creators between the ages of 15 and 17 to join as Creators subject to stringent internal safeguards and controls for the protection of minors.

**<u>Answer</u>**

The Passes Defendants deny Paragraph 31 because the undefined term "all relevant terms" make the allegations contained in Paragraph 31 inaccurate and potentially misleading.

32. In or around July 2023, Passes raised $9,000,000 in seed money with investments from Multicoin Capital, Florida Funders, Anti Fund (founded by Jake Paul and Geoffrey Woo), Craft Ventures, Menlo Ventures, and 11:11 Media (founded by Paris Hilton and Bruce Gersh).

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

14

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

The Passes Defendants admit Paragraph 32.

33. Upon information and belief, prior to these seed investments, Guo made presentations to potential investors, including these seed investors regarding the business plan, and metrics, as well the stringent internal safeguards Passes tailored for the protection of Creators between the ages of 15 and 17.

**Answer**

The Passes Defendants deny Paragraph 33.

34. In or around February of 2024, Passes raised an additional $40,000,000 in Series A funding from investments from Bond Capital, Abstract Ventures, Crossbeam Ventures and other angel investors.

**Answer**

The Passes Defendants admit Paragraph 34.

35. Upon information and belief, prior to the aforementioned Series A investments Guo made presentations to these Series A investors and other potential Series A investors regarding the business plan, and metrics, as well the stringent internal safeguards Passes tailored for the protection of Creators between the ages of 15 and 17.

**Answer**

The Passes Defendants deny Paragraph 35.

36. Passes' investors—including but not limited to the investors identified in Paragraphs 32 and 34—have been on notice of the substance and scope of Defendants' misconduct as alleged herein since at least February 26, 2025 when this action was first publicly filed in the United States District Court for the Southern District of Florida as Rosenblum v. Passes, Inc. et al, Case No. 1:25-cv-20899-JEM.

**Answer**

The Passes Defendants admit that Plaintiff first filed this action in the United States District Court for the Southern District of Florida as *Rosenblum v. Passes, Inc.*

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

15

*et al.*, Case No. 1:25-cv-20899-JEM on February 26, 2025.  The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 36 and thus deny them on that basis.

37. The investors identified in Paragraphs 32 and 34 were placed on direct and actual notice of Defendants' misconduct no later than March 2025, when Plaintiff's counsel provided correspondence to each investor, which set forth in detail the factual and legal basis for Plaintiff's claims, and included a copy of the Complaint as then-filed.

**Answer**

Paragraph 37 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 37 contains any factual allegations, the Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

38. Guo personally oversaw the creation, implementation, and public promotion of what Passes called the "strongest internal safeguards" for minor Creators.

**Answer**

The Passes Defendants deny Paragraph 38.

39. At all times relevant, Passes expressly marketed to and allowed for Creators between 15 to 17 years old to join its platform, which Passes claims "has more security measures in place to protect minors than any other social media platform where kids can have accounts."

**Answer**

The Passes Defendants deny Paragraph 39 because the undefined term "all relevant terms" make the allegations contained in Paragraph 39 inaccurate and potentially misleading.

40. Other platforms, like OnlyFans and Fanfix, do not and have never permitted individuals under 18 years old to register as either a user or a creator.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

The Passes Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and thus deny them on that basis.

41. Though Guo now advertises Passes as the leading non-explicit alternative to OnlyFans, that is, a subscription-based Creator-driven content platform "minus the nudity," Guo initially conceived of Passes as another platform that would very much host adult content, which would be especially lucrative.

**Answer**

The Passes Defendants deny Paragraph 41.

Footnote 4:  OnlyFans is another subscription-based content platform that is notorious for facilitating OnlyFans creators to create, post and sell nude and sexually explicit content of adults to OnlyFans subscribers.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the other allegations in Footnote 4 and thus deny them on that basis.

42. Indeed, Passes falsely claimed and continues to falsely maintain that no nudity or sexual content is allowed on its platform.

**Answer**

The Passes Defendants deny Paragraph 42.

43. Guo has a background in artificial intelligence ("AI") as a former co-founder of an AI company.

**Answer**

The Passes Defendants admit Paragraph 43.

44. Guo has leveraged her AI experience to develop one of Passes' key differentiators from other content platforms. Specifically, Passes has a machine learning algorithm that it claims reviews all content uploaded to the Passes platform

Kendall Brill & Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

17

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

to improve safety, particularly for minors who are permitted to join Passes as Creators.

**Answer**

The Passes Defendants deny Paragraph 44.

45. The Passes machine learning algorithm is capable of identifying images and videos of adults or minors engaged in sexually explicit conduct.

**Answer**

Paragraph 45 includes legal conclusions as to which no response is required; they are thus considered denied or avoided. The Passes Defendants deny the factual allegations contained in Paragraph 45 as they misstates how Passes' content moderation system works.

46. In order for a Creator between 15 and 17 years old to join Passes, Passes requires "Verifiable Parent Consent" from a parent in the form of: (a) a signed consent form; (b) a video conference with a parent to verify; (c) a copy of the parent's identification or license; or (d) a successful knowledge-based challenge test for parents.

**Answer**

The Passes Defendants deny Paragraph 46 because it misstates Passes' guidelines.

47. Passes also implements internal security measures to protect such minor Creators, including:

a. The restriction against a minor Creator's receipt of direct messages on the Passes internet messaging platform from fans.

b. Parental verification of the Creator's age and parental consent for posting.

c. The use of multiple machine learning classifiers to review uploaded content before it can be posted.

d. The automatic deactivation of a minor's Creator account and parental notification if a minor Creator uploads content including nudity.

e. The scanning of all captions and texts sent by minor Creators for banned

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

604489631

18

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

words.

**Answer**

The Passes Defendants deny Paragraph 47 because it misstates Passes' guidelines.

48. Passes sets forth policies in its Community and Content Guidelines ("Guidelines") for minors as well. The Guidelines, in relevant part, state:

a. "Do not use Passes in any way that may in effect or in intent [sic.] exploit or harm any person under 18 years old."

b. Passes does "not allow explicit adult content, nudity, or pornography."

c. Passes is "committed to protecting minors on Passes" and does "not tolerate acts that abuse, endanger, or exploit [] any person under the age of 18 (a 'minor'). Any content, including animation or digitally created or manipulated media (including 'deepfakes'), that depicts abuse, exploitation, or nudity of minors is a violation on our platform and will be removed when detected."

d. Passes proscribes "grooming;" that is, when "an adult builds an emotional relationship with a minor in order to gain the minor's trust for purposes of future or ongoing sexual contact, sexual abuse, trafficking, or other exploitation."

e. Passes disallows content of "nudity or sexual activity" involving minors "that is revealing of [the minor's] breasts, genitals, anus, or buttocks, or behaviors that mimic, imply or display sex acts involving minors."

**Answer**

The Passes Defendants admit that Passes has had one or more versions of the Community and Content Guidelines that contained the quoted language. The Passes Defendants deny any description or characterization of the guidelines that is inconsistent with their actual contents.

49. In reliance on the deployment of these measures, along with Guo's AI technology and algorithm, Passes guarantees that any identified image or video of a minor engaged in sexually explicit conduct, including nudity, will be immediately

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

19

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

removed and reported via a "CyberTipline" report to the National Center for Missing & Exploited Children and/or other relevant legal authorities.

**Answer**

The Passes Defendants deny Paragraph 49 because it misstates Passes' guidelines.

50. Federal law prohibits the production, advertisement, distribution, receipt, sale, access with intent to view and possession of child sexual abuse material (CSAM).

**Answer**

Paragraph 50 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

51. Passes represents that they "immediately investigate any user who tries to share suspected CSAM on Passes" and "take[s] appropriate action."

**Answer**

The Passes Defendants admit that Passes has had one or more versions of the Community and Content Guidelines that contained the quoted language. The Passes Defendants deny any description or characterization of the guidelines that is inconsistent with their actual contents.

52. Passes represents that they "ban anyone who tries to create or distribute CSAM on Passes."

**Answer**

The Passes Defendants admit that Passes has had one or more versions of the Community and Content Guidelines that contained the quoted language. The Passes Defendants deny any description or characterization of the guidelines that is inconsistent with their actual contents.

53. Upon information and belief, the option for minors between the ages of 15 and 17 to join Passes as Creators and Passes' stringent internal safeguards for minors were disclosed to potential investors in the seed investment round and in the Series A

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

20

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

investment round.

**Answer**

The Passes Defendants deny Paragraph 53.

54. As alleged in detail below, Guo, at her sole discretion, can and has overridden these stringent internal safety measures for minors on Passes, thereby stripping any meaningful advertised protection or safety for minor Creators on Passes, such as she did with Plaintiff.

**Answer**

The Passes Defendants deny Paragraph 54.

55. The Passes Defendants had been aware that CSAM was uploaded and distributed on their platform but failed to take action until or about February 24, 2025.

**Answer**

The Passes Defendants deny Paragraph 55.

56. On or about February 24, 2025, immediately after Plaintiff's counsel contacted the Passes Defendants' attorneys regarding the instant action, the Passes Defendants abruptly removed the option for minors between 15 and 17 years old to join as Creators.

**Answer**

The Passes Defendants deny Paragraph 56.

57. Additionally, the aforementioned stringent internal safeguards for minor Creators have since vanished from the Passes Terms and Conditions and Guidelines.

**Answer**

The Passes Defendants deny Paragraph 57.

58. In order to successfully build a Creator- and user- base to join Passes at its early stages and with an unproven track record, Guo hired employees specifically for the purpose of recruiting desperate Creators in large numbers.

**Answer**

The Passes Defendants deny Paragraph 58.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

604489631

21

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

59. Guo saw minor Creators as a unique and potentially lucrative opportunity for Passes because, as she was aware, minors were unable to join similar, comparable platforms. Passes could fill that niche.

**Answer**

The Passes Defendants deny Paragraph 59.

60. In or around late 2022 or early 2023, Guo personally recruited Alec Celestin, a self-styled "tech and entertainment disrupter," to join Passes as head of Creator acquisition and strategy while he was still a Brand Director at Fanfix. Guo made an aggressive compensation offer to Celestin that included substantial cash and equity components. Guo was incentivized to target Celestin because of his position at Fanfix, and access to the Creators she coveted.

**Answer**

The Passes Defendants deny Paragraph 60.

61. In late 2022 to early 2023, Celestin and Guo reached an agreement where Celestin would divert creators from Fanfix to Passes, and Celestin formulated the wrongful scheme for doing so with Passes' direct involvement and encouragement. Passes and Guo commissioned Celestin to "beg[i]n overtly competing against Fanfix by soliciting Fanfix creators and/or their managers, as well as Fanfix employees and vendors." He "misappropriated confidential information and trade secrets, then weaponized that information to divert Fanfix creators to Passes. Fanfix has alleged that "this activity occurred with Passes' full knowledge, involvement, and approval."

**Answer**

The Passes Defendants deny Paragraph 61.

62. Guo specifically hired and commissioned Celestin to lead Creator acquisition and strategy for Passes, authorizing him to act as her direct agent and representative in dealings with Creators. Celestin, as the Passes Defendants' agent, was given wide discretion to negotiate minimum guarantees, manage Creator relationships, and recruit both adult and minor talent to Passes' platform. His title,

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

22

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

compensation, and access reflected a position of trust and authority within Passes, and he routinely presented himself to Creators as Guo's partner and co-owner. As an employee of Passes, both Passes and Guo, as Passes' CEO, had full control over the acts that Celestin took on behalf of Passes in furtherance of his role. Neither Passes nor Guo ever revoked Celestin's authority at any time during the relevant time period.

**Answer**

The Passes Defendants deny Paragraph 62.

63. As detailed below and consistent with her prior knowledge of his conduct, Guo made her goals for Passes and his responsibilities in furtherance of related efforts clear to Celestin and commissioned him to act to attain those goals. Guo instructed Celestin to act as an agent on behalf of her and Passes to help the Passes Defendants (a) develop an initial customer base by luring Creators away from Fanfix and then (b) grow that base by offering access to minors between the ages of 15 to 17, which other platforms did not.

**Answer**

The Passes Defendants deny Paragraph 63.

64. In line with the direction given and authority assigned to him by the Passes Defendants, while recruiting Creators to Passes, Celestin was explicit that he was operating as an agent of the Passes Defendants. Celestin subsequently emphasized his close relationship to Guo in recruiting efforts, including telling Creators that Guo "personally asked" him to promise that Passes would offer Creators much higher profits than other platforms.

**Answer**

The Passes Defendants deny Paragraph 64 with respect to themselves.  The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 in relation to the other defendants and thus deny them on that basis.

65. Separately, Guo instructed Celestin to promote Passes to potential minor

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

604489631

23

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

Creators by emphasizing (a) Passes' artificially low commission rates, which gave the impression to Creators such as Plaintiff that their profits from selling content on Passes would be extremely high; (b) that Celestin and Passes "higher-ups" such as Guo would personally help Creators create and upload content to get their profiles off the ground; and (c) that no other platform permitted minors aged 15 to 17 to create and upload content, thereby promoting the exclusivity of Passes' offer.

**Answer**

The Passes Defendants deny Paragraph 65.

66. On August 14, 2023, after being hired by Guo, Celestin posted on a social media account a picture of him and Guo in front of a Passes billboard claiming "nofhotos group [handshake emoji] passes [/] World Domination [devil emoji]". The picture demonstrated to the public that Guo had granted Celestin authority to act as her agent in Passes-related matters in his external dealings.



Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

The Passes Defendants admit that there is a post containing the picture and quoted language included in Paragraph 66 on the Instagram account @fhotos. The Passes Defendants deny any description or characterization of any post that is inconsistent with its actual contents.

67. Celestin operated under Guo's express supervision and direction, reporting directly to her as Passes' Chief Executive Officer. He had access to proprietary recruitment data, Creator revenue metrics, and Passes' internal safety systems. Guo and Celestin coordinated recruitment strategies through daily communications, and Guo frequently endorsed Celestin's actions publicly and privately, including by reposting or commenting on his social media posts promoting Passes. In numerous communications with Creators and managers, Celestin explicitly identified himself as Guo's "business partner" and "the person running the creator side" of Passes. Passes management never contradicted those representations, reinforcing to Creators—including Plaintiff—that Celestin spoke on behalf of the company.

**Answer**

The Passes Defendants deny Paragraph 67 with respect to themselves. The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 in relation to the other defendants and thus deny them on that basis.

68. Celestin, as the Passes Defendants' actual and apparent agent, was hard at work for Passes in and around the time he first contacted Plaintiff on Passes' behalf. For example, according to Fanfix, on July 20, 2023, while still employed by Fanfix, Celestin contacted an individual who manages numerous Fanfix creators. During a call, Celestin disparaged Fanfix and attempted to convince the talent manager to move the talent he managed to Passes. Celestin told a Fanfix employee he was pursuing Fanfix employees for Passes and that he had been texting a number of Creators about joining Passes.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631                                        25

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

The Passes Defendants deny Paragraph 68 with respect to themselves. The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 in relation to the other defendants and thus deny them on that basis.

69. On August 19, 2023, two managers contacted a Fanfix executive and told him that Celestin reached out to them by phone and told them that Passes will pay them to switch their clients from Fanfix to Passes.

**Answer**

The Passes Defendants deny Paragraph 69 with respect to themselves. The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 in relation to the other defendants and thus deny them on that basis.

70. On December 12, 2023, according to Fanfix, Celestin, on behalf of Passes, messaged one Creator and informed her that Guo "personally asked [Celestin] to reach out to [her] and offer [the Creator] a 200% minimum guarantee" based on what she currently made on Fanfix. Celestin then added, "Meaning if you're making $100,000 per month[,] we'll instantly minimally guarantee you $200,000 with us."

**Answer**

The Passes Defendants deny Paragraph 70 with respect to themselves. The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 in relation to the other defendants and thus deny them on that basis.

71. Celestin heavily promoted his work with Guo and for Passes. His social media was rife with content promoting Passes and Guo, and he posted content featuring Guo plainly intended by both to promote Passes to Creators and to demonstrate the authority Celestin had been granted to act on Passes' behalf.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

The Passes Defendants deny Paragraph 71 with respect to themselves. The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 in relation to the other defendants and thus deny them on that basis.

72. In an interview posted to his Instagram account in October 2023, in which Passes was tagged, Celestin commented "I'm a photographer, videographer, general 3D artist, I'm a producer, and now I am a partner in Passes which is absolutely incredible brand friendly content platform."

**Answer**

The Passes Defendants admit that there is a post containing the quoted language on the Instagram account @fhotos. The Passes Defendants deny any description or characterization of any post that is inconsistent with its actual contents.



73. On February 28, 2024, after Passes announced the $40,000,000 Series A fundraising, Celestin posted a picture of him and Guo stating: "$40,000,000 in the bank!! @joinpasses just got a lot more young hot rich & famous. Congrats @joinpasses team & @guoforit []".

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

27

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

The Passes Defendants admit that there is a post containing the picture and quoted language included in Paragraph 73 on the Instagram account @fhotos. The Passes Defendants deny any description or characterization of any post that is inconsistent with its actual contents.

74. Guo's Instagram account is @guoforit, and Celestin tagged her account in his February 28, 2024 post. Guo did not dispute the representations of Celestin's post.

**Answer**

The Passes Defendants admit the first sentence and deny the second sentence of Paragraph 74.

75. These public promotions coincided with Celestin's increasingly central role inside Passes—a role Guo preserved despite her knowledge of his misconduct—further demonstrating the apparent authority Celestin had been granted by Guo to act on Passes' behalf.

**Answer**

Paragraph 75 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided. To the extent Paragraph 75 contains any factual allegations, the Passes Defendants deny those allegations.

76. On January 5, 2025, Celestin posted "I fully [sic.] legally compliantly [sic.] sliced and diced the main competition to Passes which at the time was much larger than Passes. Built that private unicorn. Faced with lawsuits and them trying to ruin my life." In another post, Celestin boasted: "I've helped build a unicorn (private) @passes with @lucy_guo."

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

28

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

 

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and thus deny them on that basis.

77. An article published in January 2025 by the New York based news organization states that Celestin told them "that he maintains a stake in the company [Passes]." Rosalind Adams, A Times Square Billboard Seeks Aid for LA Fire Victims. Is It for Real?, The City (Jan. 16, 2025), (https://www.thecity.nyc/2025/01/16/la-fire-aid-fundraiser-lineo-celestin/).

**Answer**

The Passes Defendants admit that there is an article, available at the provided link, that contains the quoted language.  The Passes Defendants deny any description or characterization of the article that is inconsistent with its actual contents.  The Passes Defendants otherwise deny Paragraph 77.

78. Each of these posts and Celestin's other public statements demonstrated the ease with which Celestin was willing to publicly project the actual and apparent authority he had been granted by Guo to act on Passes' behalf.

**Answer**

Paragraph 78 contains inferences, conclusions, and characterizations rather than factual allegations.  To the extent a response is required, the Passes Defendants

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

29

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

deny Paragraph 78 with respect to themselves and state that they presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 in relation to the other defendants and thus deny them on that basis.

79. Starting around May 2024, Celestin—then acting as an actual and apparent agent of Passes and Guo and having been told by Guo that he should specifically target minor Creators to join Passes—began to recruit and groom then-17-year-old Plaintiff (1) to join Passes as a minor Creator and (2) to create images and videos of Plaintiff engaged in sexually explicit conduct.

**Answer**

The Passes Defendants deny Paragraph 79 with respect to themselves.  The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 in relation to the other defendants and thus deny them on that basis.

80. On or about June 4, 2024, at Guo's direction and on her authority, Celestin wrote to Plaintiff that she needed to sign up on Passes because she would "most likely make 5-10x more than WideApp."  Plaintiff replied, "I am once I'm 18!!"  Plaintiff was not set to turn 18 years old until September 21, 2024.

**Answer**

The Passes Defendants deny Paragraph 80 with respect to themselves.  The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 in relation to the other defendants and thus deny them on that basis.

Footnote 5:  WideApp, or Wide, is another content subscription platform popular with Creators.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Footnote 5 and thus deny them on that basis.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

604489631

30

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

81. On or about August 10, 2024, Celestin, acting on Passes' behalf, wrote to Plaintiff "[] are you still thinking Passes once you're 18?! I know it's coming up soon so just wanted to reach out to check in. Also, noticed you're in LA! If you need a mansion to shoot at you're welcome to use mine."

**Answer**

The Passes Defendants deny Paragraph 81 with respect to themselves.  The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 in relation to the other defendants and thus deny them on that basis.

82. That same day, Celestin met 17-year-old Plaintiff at his residence in Los Angeles, California, to groom her to create images and videos of her engaged in sexually explicit conduct and to recruit her to join Passes as a minor Creator whose platform would include the marketing and distribution of these images and videos.

**Answer**

The Passes Defendants deny Paragraph 82 with respect to themselves.  The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 in relation to the other defendants and thus deny them on that basis.

83. His pitch to Plaintiff was that she only needed to create pictures and videos of herself at Celestin and his team's direction and upload them to Passes on a regular basis. Celestin and his team, with access to her Passes profile, would do the rest. They would directly market and sell her content to Passes customers for payment of which Plaintiff would receive her profit. As detailed below, Celestin recruited Plaintiff with the purpose of facilitating the distribution of CSAM involving Plaintiff through Passes.

**Answer**

The Passes Defendants deny Paragraph 83 with respect to themselves.  The Passes Defendants presently lack knowledge or information sufficient to form a belief

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

31

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

as to the truth of the allegations in Paragraph 83 in relation to the other defendants and thus deny them on that basis.

84. Celestin took photographs of 17-year-old Plaintiff at his residence during her visit on August 10, 2024. Those images were uploaded to the Passes Vault and later published on Passes after Plaintiff's 18th birthday on September 21, 2024, with salacious verbiage in connection with Plaintiff's "18th birthday campaign" explained below.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, including, in particular, whether any photographs of Plaintiff allegedly published on Passes on September 21, 2024 were taken by Celestin, and thus deny them on that basis.

85. Celestin also had Plaintiff electronically sign a management contract with WLM on August 10, 2024. He did not provide her with an opportunity to review it or give her a copy.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and thus deny them on that basis.

86. Plaintiff and Celestin entered into a second management contract between her and WLM two days later on August 12, 2024, and later into a third management contract replacing WLM with Nofhotos on December 24, 2024. Both of these contracts are governed by the laws of the state of California.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and thus deny them on that basis.

87. The contract, dated December 24, 2024, imposed usurious management

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631                                  32

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

fees on Plaintiff.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and thus deny them on that basis.

88. Neither the contract dated August 10, 2024, nor the contract dated August 12, 2024, were signed by Plaintiff with the consent or approval of Plaintiff's parents or guardians.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and thus deny them on that basis.

89. Under California law, minors lack the capacity to contract. Cal. Civ. Code § 1556. Additionally, contracts with minors are generally voidable unless "[t]he contract is to pay the reasonable value of things necessary for the support of the minor or the minor's family," or if the Plaintiff is emancipated. California Family Code § 6712(a), (c). None of these contracts were for "things necessary for the support of [Plaintiff] or [Plaintiff's] family," and Plaintiff has never been emancipated.

**Answer**

Paragraph 89 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided. To the extent Paragraph 89 contains any factual allegations, the Passes Defendants state that they presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and thus deny them on that basis.

90. Guo had specific notice of Celestin's past misconduct before and during his employment with Passes. The Fanfix lawsuit—filed in January 2024 and months before Celestin first contacted Plaintiff—publicly alleged that Celestin, while still employed by Fanfix, solicited its Creators and staff, misappropriated confidential

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631                                           33

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

data, and shared it with Guo to divert business to Passes. Those allegations were known to Guo when she commissioned and empowered Celestin to recruit and manage Creators for Passes. Guo nonetheless maintained Celestin in a position of trust, granting him ongoing access to Passes' recruiting systems and minor-safety settings, including the ability to request overrides of verification protocols. Guo's retention and supervision of Celestin in light of these facts reflect deliberate indifference to the foreseeable risk that he would again exploit Creators—including minors—for personal and corporate gain.

**Answer**

The Passes Defendants deny Paragraph 90's allegations about the Fanfix lawsuit in that they misstate the allegations.  In addition, Paragraph 90 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 90 contains any factual allegations, the Passes Defendants deny those allegations with respect to themselves and state that they presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 in relation to the other defendants and thus deny them on that basis.

91. On or about August 10, 2024, Celestin started to help Plaintiff create a Creator profile for minors on Passes. His initial onboarding efforts included taking a photo of Plaintiff's driver's license, which showed her date of birth, and taking some profile pictures.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and thus deny them on that basis.

92. On or about August 10, 2024, the Passes "Know Your Customer" ("KYC") onboarding process collected and stored Plaintiff's driver's license, which included her date of birth, confirming Plaintiff was a minor at the time of initial account setup.

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

34

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and thus deny them on that basis.

93. Each of Passes' stringent internal safeguards for Creators between the ages of 15 and 17 were active and purportedly enforced by Passes at that time.

**Answer**

The Passes Defendants admit that they had stringent internal safeguards for creators between the ages of 15 and 17 during the relevant time period.

94. Celestin knew that he normally would have to comply with Passes' safety controls for minor Creators because (1) Plaintiff had told him repeatedly that she was, in fact, 17 years old and (2) he submitted a copy of her driver's license showing her actual birthday to Passes.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and thus deny them on that basis.

95. Celestin, however, wanted to circumvent Passes' stringent internal safety measures for minors so he could exploit Plaintiff. He knew he could only do so with Guo's direct intervention. Indeed, Celestin assured Plaintiff that he could bypass the safety measures for minors because he "co-owned" Passes and would obtain the express approval of his "business partner Lucy."

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and thus deny them on that basis.

96. On or about August 10, 2024, while Plaintiff was still at Celestin's house, he called "his business partner Lucy" (Guo) to receive Guo's input on how to set up

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

35

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

Plaintiff's account on Passes. Celestin informed Guo that Plaintiff needed the parental consent requirement waived so that she could upload adult content.

**Answer**

The Passes Defendants deny the allegations in Paragraph 96 with respect to themselves. The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 in relation of the other defendants and thus deny them on that basis.

97. Celestin and Guo wanted to remove the parental verification requirement because they did not want Plaintiff's parents (or any other adult) to know of their plans to create, sell and distribute images and videos of Plaintiff engaged in sexually explicit conduct.

**Answer**

The Passes Defendants deny the allegations in Paragraph 97 with respect to themselves. The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 in relation to the other defendants and thus deny them on that basis.

98. During the relevant period, enforcement of minor-safety and CSAM-remediation protocols was under Guo's direction as CEO of Passes. Guo, knowing that Plaintiff was a minor and of Celestin's plans to lead Plaintiff to create CSAM, substantially contributed to the conspiracy by directly orchestrating the removal of the Passes verification of parental consent requirement.

**Answer**

The Passes Defendants deny Paragraph 98. To the extent Paragraph 98 contains legal conclusions, no response is required.

99. Celestin then advised Plaintiff that "Lucy" had eliminated Passes' requirement for confirmation of parental consent for Plaintiff to become a minor Creator on Passes. This reflects that on or about August 10, 2024, while Plaintiff's KYC confirmed she was 17, Guo personally overrode or directed the overriding of

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

36

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

Passes' parental consent requirement and enabled direct messaging for Plaintiff's account. Guo removed those protections with full knowledge that doing so would result in the distribution of CSAM involving Plaintiff.

**Answer**

The Passes Defendants deny the allegations in Paragraph 99 with respect to themselves.   The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 in relation to the other defendants and thus deny them on that basis.

100. Guo's substantial contribution of the overriding of these safety controls was recorded in Passes' systems, which reflect the date, time, authorized user identity, and settings toggled of activity related to Plaintiff's Passes account.

**Answer**

The Passes Defendants deny Paragraph 100.

101. On or about August 13, 2024, three days later, Celestin completed creating Plaintiff's minor Creator account at Passes with the parental verification disabled.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and thus deny them on that basis.

102. Celestin called Plaintiff and instructed her to announce her joining Passes as a Creator on her various social media platforms.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and thus deny them on that basis.

103. Plaintiff, however, expressed to Celestin that she was having difficulty understanding how to operate certain functions on Passes. Celestin wrote that he "just messaged Passes CEO." Celestin then added Guo to the phone call to provide Plaintiff

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

with specific guidance and instruction.

**Answer**

The Passes Defendants deny the allegations in Paragraph 103 with respect to themselves.   The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 in relation to the other defendants and thus deny them on that basis.

104. Guo instructed Plaintiff on how and where to upload content onto the Passes Vault system, among other things. Guo told Plaintiff that "you can upload anything."

**Answer**

The Passes Defendants deny in Paragraph 104.

105. Plaintiff also communicated with Ginoza, Celestin's assistant, to complete the Passes onboarding procedure. Ginoza, a former Passes director of talent who had previously reported directly to Guo, acted as an agent for Passes and Guo at all times relevant.

**Answer**

The Passes Defendants admit that Ginoza was formerly employed as Passes' director of talent and otherwise deny the allegations in Paragraph 105 with respect to themselves, including that Ginoza acted as Passes and Guo's agent.   The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 in relation to the other defendants and thus deny them on that basis.  To the extent Paragraph 105 contains legal conclusions, no response is required.

106. On that day, Celestin and Ginoza, who were aware of Plaintiff's age, also requested Guo to override the direct messaging ban for Plaintiff's minor Creator profile so that Celestin, Ginoza and others could utilize Passes direct messaging function on her behalf in direct violation of the Passes strict internal restriction against allowing minor Creators to utilize the direct messaging function.

Kendall Brill & Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

38

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

The Passes Defendants deny the allegations in Paragraph 106 with respect to themselves.    The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 in relation to the other defendants and thus deny them on that basis.

107. Ginoza rationalized that she was "gonna try to get a clearance [for direct messaging] due to you being 18 in a month."

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and thus deny them on that basis.

108. Celestin and Ginoza wanted to enable the direct messaging function on Plaintiff's Passes profile so they and others could later pose as Plaintiff to exchange sexually overt messages with Passes subscribers, advertise and sell images and videos of Plaintiff engaged in sexually explicit conduct and distribute those images and videos over Passes' direct messaging system.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and thus deny them on that basis.    To the extent Paragraph 108 contains legal conclusions, no response is required.

109. Guo, knowing that Plaintiff was a minor and of Celestin's plans, substantially contributed to the conspiracy by orchestrating the removal of the Passes strict internal rule against allowing Plaintiff's minor Creator profile on Passes to utilize the direct messaging system.

**Answer**

The Passes Defendants deny Paragraph 109.    To the extent Paragraph 109 contains legal conclusions, no response is required.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

39

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

110. On that same day, Plaintiff, acting at Celestin's direction, announced on her various social media platforms that she had joined Passes as a Creator.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and thus deny them on that basis.

111. Celestin exercised de facto operational control over Creator recruitment and monetization for Passes. He supervised multiple employees and contractors, including Ginoza, and coordinated all marketing and sales strategies for high-value creators. His communications show that he managed Creator onboarding, pricing, and content packaging, often invoking Guo's approval or participation to legitimize his directives. By authorizing Celestin to set compensation, override internal restrictions, and represent Passes in Creator negotiations, Guo effectively delegated material corporate authority to him. Celestin's exercise of that authority to solicit and exploit Plaintiff was undertaken within the course and scope of his agency and employment with Passes.

**Answer**

The Passes Defendants deny the allegations in Paragraph 111 with respect to themselves. The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 in relation to the other defendants and thus deny them on that basis. To the extent Paragraph 111 contains legal conclusions, no response is required.

112. After her social media announcement, Celestin and Ginoza, acting as agents of Passes and Guo, and in line with responsibilities provided to them by Guo, promptly directed the then-17-year-old Plaintiff to create new images and videos of her engaged in sexually explicit conduct. Celestin and Ginoza each gave Plaintiff precise instructions on how to pose and model to create images and videos of her engaged in sexually explicit conduct.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

40

**Answer**

The Passes Defendants deny the allegations in Paragraph 112 with respect to themselves.   The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 in relation to the other defendants and thus deny them on that basis.  To the extent Paragraph 112 contains legal conclusions, no response is required.

113. Between August 13, 2024, and September 21, 2024, following Celestin and Ginoza's direction, Plaintiff took photos and videos of herself engaged in sexually explicit conduct and uploaded those images and videos of herself to a Passes Vault database assigned to her profile.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and thus deny them on that basis.  To the extent Paragraph 113 contains legal conclusions, no response is required.

114. The directions from Celestin and Ginoza to Plaintiff were express and carefully designed to create images and videos of her engaged in sexually explicit conduct to entice "whales" and big spenders to purchase such CSAM through the Passes platform.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and thus deny them on that basis.  To the extent Paragraph 114 contains legal conclusions, no response is required.

115. Among their various instructions, Celestin and Ginoza instructed 17-year-old Plaintiff to lasciviously exhibit her anus, vagina, and pubic area to a camera in order to produce images and videos of child pornography.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

41

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and thus deny them on that basis. To the extent Paragraph 115 contains legal conclusions, no response is required.

116. For example, Celestin and Ginoza instructed Plaintiff to (1) position herself on a bed on her hands and knees to produce an image of her "arching in bed doggy;" (2) to spread her legs to show parts of her vagina to produce an image "Bra + thong legs spread;" and (3) to move her bikini bottom to expose her vagina to create a video "FLOOR (Rubbing lotion)."

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and thus deny them on that basis.

117. Each of these visual depictions created and commissioned at Celestin and Ginoza's specific directions and under the agency and authority of the Passes Defendants constitute child pornography.

**Answer**

Paragraph 117 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided. To the extent Paragraph 117 contains any factual allegations, the Passes Defendants deny them with respect to themselves. The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 in relation to the other defendants and thus deny them on that basis.

118. Celestin and Ginoza's specific directions to Plaintiff made under the agency and authority of the Passes Defendants constitute acts by the Defendants in knowing furtherance of their conspiracy to produce child pornography.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

42

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

Paragraph 118 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 118 contains any factual allegations, the Passes Defendants deny them with respect to themselves.  The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 in relation to the other defendants and thus deny them on that basis.

119. Passes' proprietary machine learning classifiers reviewed each and every uploaded image and video of Plaintiff engaged in sexually explicit conduct and identified the images and videos as child pornography. The Passes Defendants knew that Plaintiff's CSAM was stored in the Passes Vault, but neither Passes nor Guo took any remedial action whatsoever in response to this identification.

**Answer**

The Passes Defendants deny Paragraph 119.  To the extent Paragraph 119 contains legal conclusions, no response is required.

120. Between August 13, 2024, and September 21, 2024, Passes' agents through the Passes direct messaging platform marketed, sold, and distributed images and videos of Plaintiff, a minor, engaged in sexually explicit conduct through the use of computers and the internet.

**Answer**

The Passes Defendants deny Paragraph 120.  To the extent Paragraph 120 contains legal conclusions, no response is required.

121. The marketing, sale, and distribution of the visual depictions of Plaintiff engaged in sexually explicit conduct constitute the Defendants' knowing transportation of child pornography over interstate commerce.

**Answer**

Paragraph 121 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 121 contains any

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

604489631

43

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

factual allegations, the Passes Defendants deny those allegations.

122. Passes' proprietary machine learning classifiers reviewed each and every marketing and advertisement of Plaintiff's images and videos engaged in sexually explicit conduct and recognized the banned words and advertisements as marketing and advertisements for child pornography. The Passes Defendants knew that Plaintiff's CSAM was being advertised and sold over the Passes direct messaging platform but neither Passes nor Guo took any remedial action whatsoever in spite of these clear red flags.

**Answer**

The Passes Defendants deny Paragraph 122.  To the extent Paragraph 122 contains legal conclusions, no response is required.

123. Despite Passes' internal policy documents and public Guidelines referencing automated detection via machine learning, human review, and mandatory reporting, Passes did not contemporaneously generate or act on incident reports, parental notifications, or National Center for Missing and Exploited Children ("NCMEC") submissions correlating to the alerts and moderator notes associated with Plaintiff's account.

**Answer**

The Passes Defendants admit that Passes has policies and guidelines that reference detection via machine learning, human review, and/or mandatory reporting. The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and deny them on that basis.

124. Passes presently possesses records and evidence of the advertisement and distribution of the images and videos of Plaintiff, as a 17-year-old minor, engaged in sexually explicit conduct, in its direct messaging system or in its archived files.

**Answer**

The Passes Defendants deny Paragraph 124.  To the extent Paragraph 124 contains legal conclusions, no response is required.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd. Suite 2500 Los Angeles, CA 90067

604489631

44

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

125. Between August 13, 2024, and September 21, 2024, Passes and Guo:

a. never automatically deactivated Plaintiff's account;

b. did not manually deactivate the account;

c. never sent any parental notification to Plaintiff's parents;

d. permitted direct messaging from Plaintiff's minor Creator account; and

e. never notified the NCMEC or any legal authorities of the images or videos of Plaintiff engaged in sexually explicit conduct.

All this was in direct violation of Passes' stringent internal safety guidelines to protect minor Creators and despite knowledge by Passes and Guo from the multiple machine learning classifiers of Plaintiff's exploitation.

**Answer**

The Passes Defendants deny Paragraph 125.

126. Rather, despite multiple automated hits on age and nudity/sexual-content classifiers and human moderator notes reflecting sexually explicit posing and exposure, Passes—under Guo's oversight—did not suspend the account, did not lock direct messaging, did not notify parents, did not quarantine or purge the Vault, and did not report to the NCMEC or authorities until months later, after undersigned counsel's intervention.

**Answer**

The Passes Defendants deny Paragraph 126.

127. Celestin, Ginoza and other unidentified individuals aggressively marketed the images and videos of Plaintiff engaged in sexually explicit conduct with sexually charged advertising labels.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and thus deny them on that basis. To the extent Paragraph 127 contains legal conclusions, no response is required.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

45

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

128. For example, between August 13, 2024, and September 11, 2024, in line with their responsibilities for Passes and consistent with Guo's direction, Celestin, Ginoza and others marketed these images or videos that they had expressly directed Plaintiff to make on Passes to subscribers as follows:

a. August 13, 2024: three pictures of Plaintiff "**g-string booty pics**" marketed for $100.

b. August 16, 2024: four pictures of Plaintiff "**Topless, g-string, +robe**" marketed for $200.

c. August 16, 2024: a video of Plaintiff "**Pulling down bra tease +g-string show**" marketed for $100.

d. August 16, 2024: a video of Plaintiff "**strip tesse [sic] +g-string booty**" marketed for $250.

e. August 16, 2024: 3 pictures of Plaintiff "**arching in bed doggy**" marketed for $300.

f. August 16, 2024: two pictures of Plaintiff "**Bra + thong legs spread**" marketed for $75.

g. August 16, 2024: a picture of Plaintiff "**underboob + thong**" marketed for $69.

h. August 18, 2024: 3 videos of Plaintiff "**booty jiggle/underboob vid**" marketed for $150.

i. August 20, 2024: a video of Plaintiff "**Undressing**" marketed for $150.

j. September 2, 2024: three pictures of Plaintiff "**leggings recoil + strip to thong**" marketed for $150.

k. September 5, 2024: five pictures of Plaintiff "b**lack lingerie twerk**" marketed for $250.

l. September 11, 2024: a video of Plaintiff "**FLOOR (Rubbing lotion)**" marketed for $800.

m. September 16, 2024: five pictures of Plaintiff **"red thong in mirror"**

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

marketed for $75.

**Answer**

The Passes Defendants deny Paragraph 128 with respect to themselves. The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 in relation to the other defendants and thus deny them on that basis.

129. On August 28, 2024, Plaintiff learned that an image of her vagina and her name uploaded to the Passes Vault and sold and distributed to various Passes subscribers had been reposted on a platform called Thot BB in a post titled "Snapchat – NudeLeaksTeens – Alice Rosenblum."

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and thus deny them on that basis.

130. That day, Plaintiff expressed extreme distress to Ginoza about the reposted photo, and Ginoza replied "We'll try to get it down ASAP!! Thanks for flagging."

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and thus deny them on that basis.

131. On that same day, Plaintiff was summoned to the principal's office at her high school concerning claims of child pornography. The aggressive marketing and widespread distribution of the images and videos of Plaintiff engaged in sexually explicit conduct had become so prevalent that they even reached her high school community.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and thus deny them

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631    47
DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

on that basis.  To the extent Paragraph 131 contains legal conclusions, no response is required.

132. An emotionally devastated Plaintiff begged Celestin for help: "I'm not 18 yet so I don't really know what to do. . . I'm 17 and I hate that my principal already knows . . ." Celestin assured her "everything is fine …" and that he would "have [his] team pause selling content til [they] all talk once [he] land[s]."

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and thus deny them on that basis.

133. No Defendant ever paused the marketing or selling any image or video of Plaintiff engaged in sexually explicit conduct.

**Answer**

Paragraph 133 includes legal conclusions to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 133 contains factual allegations, the Passes Defendants deny those allegations.

134. On or about September 13, 2024, one of Passes' biggest "whales" ("Whale 1") for Plaintiff sent a direct message to Plaintiff over the Passes platform referencing a September 11, 2024, video titled "FLOOR (Rubbing lotion)" stating, "[I] can't stop thinking about your kitty and your lotioned ass so im risking being late to work so I can get a morning session."

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and thus deny them on that basis.

135. This video depicts Plaintiff exposing her buttocks and moving in a way that her bikini bottom exposes her genitalia, and the "kitty" references the visual depiction of Plaintiff's vagina.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

48

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

The Passes Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and thus deny them on that basis.

136. On or about September 15, 2024, Whale 1 again commented that he appreciated the "last batch of videos" and reiterated that he could see her vagina in the video.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and thus deny them on that basis.

137. On or about September 18, 2024, Celestin and Ginoza again instructed Plaintiff to create sexually explicit images and videos of herself, namely sexually explicit images of her in the shower displaying her vagina, but to not upload them to Passes until her actual 18th birthday. Plaintiff confirmed that, "[y]es I did already."

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and thus deny them on that basis. To the extent Paragraph 137 contains legal conclusions, no response is required.

138. On that same day, Celestin instructed Plaintiff: "U can send here [over iMessage]!" but then, knowing that would be receipt of child pornography, wrote "Oh one second . . . Yeah hold on that [sic.]".

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and thus deny them on that basis.

139. Passes Vault records also show that on October 15, 2024, images of

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

49

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

Plaintiff engaged in sexually explicit conduct, taken when she was still 17 years old, were uploaded and advertised on Passes as "DM-SET of 6 - $3500 NUDE PICS SHOWER."

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and thus deny them on that basis. To the extent Paragraph 139 contains legal conclusions, no response is required.

140. Passes' internal communications, payment processing, and data infrastructure demonstrate the close integration between Celestin's activities and Passes' core business operations. Celestin's solicitations, file uploads, and marketing actions were executed through Passes' official systems, using company accounts and payment gateways. Revenues from the sale and distribution of Plaintiff's images flowed through Passes' financial infrastructure and were reflected in its records. At no point did Passes disable Celestin's access or revoke his authority, even after learning of multiple reports of misconduct. Passes' failure to intervene confirms that Celestin's exploitation of Plaintiff was not a rogue act but a foreseeable consequence of his corporate role.

**Answer**

The Passes Defendants deny Paragraph 140. To the extent Paragraph 140 contains legal conclusions, no response is required.

141. Agents of the Passes Defendants, impersonating then-17-year-old Plaintiff on the Passes direct messaging system, engaged with so-called whales in sexually aggressive ways to bait the subscribers into purchasing images and videos of Plaintiff engaged in sexually explicit conduct at premium prices.

**Answer**

The Passes Defendants deny Paragraph 141. To the extent Paragraph 141 contains legal conclusions, no response is required.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

604489631

50

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

142. But for Guo unilaterally overriding Passes' internal safety controls disabling the direct messaging function on Passes' minor Creator accounts, these agents would have been unable to exchange these direct messages with so-called "big spenders" and "whales."

**Answer**

The Passes Defendants deny Paragraph 142. To the extent Paragraph 142 contains legal conclusions, no response is required.

143. Whale 1 continually purchased Plaintiff's images for hefty fees, totaling over $47,000, through continuous and salacious direct messages between Whale 1 and Passes agents posing as Plaintiff.

**Answer**

The Passes Defendants deny Paragraph 143. To the extent Paragraph 143 contains legal conclusions, no response is required.

144. Some of the sexually explicit exchanges between "Alice" and Whale 1 and "Alice" and a second subscriber, "Whale 2," on the Passes messaging platform include:

a. September 17, 2024

"Alice":    glad you made it home! hopefully, you can relax now after such a long day daddy 😊 and enjoy my content as well 😉

Whale 1:    I am I already finished one session your teasing earlier had me on edge

b. September 20, 2024

"Alice":    a tiny black bikini daddy prepared just for you 😉

Whale 1:    Ah no last vid before bday thong action? 😂 I'm just teasing babe I'm gonna buy them soon still at work lol.

"Alice":    how about you let me win again daddy? It's a good way to end the streak at 5 right? 🙄🙄

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

51

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

> Whale 1:    Considering how horny I am right now your definitely going to

c. September 29, 2024

> Whale 2:    can I buy some custom content
>
> "Alice":    yeah babe! what custom were you thinking of requesting
>
> Whale 2:    baby oil, micro bikini (one of the ones ive seen you wear). doggystyle rocking band and forth live ppv's I bought. lotta tongue action/licking lips. ass smacks? then maybe some riding lower view

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and thus deny them on that basis. To the extent Paragraph 144 contains legal conclusions, no response is required.

145. Passes' proprietary machine learning classifiers reviewed the aforementioned direct messages and identified these messages as containing banned words, but neither Passes nor Guo took any remedial action whatsoever.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and thus deny them on that basis.

146. Plaintiff was set to turn 18 years old on or about September 21, 2024. In anticipation, Celestin devised an 18th birthday marketing campaign to capitalize on the voracious appetites of the "whales" and "big spenders" for new images and videos of Plaintiff engaged in sexually explicit conduct through Passes' unrestricted and unchecked platform.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

52

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

form a belief as to the truth of the allegations in Paragraph 146 and thus deny them on that basis. To the extent Paragraph 146 contains legal conclusions, no response is required.

147. Celestin and Ginoza directed Plaintiff—while still a minor—to create new images and videos of her engaged in sexually explicit conduct with a birthday theme before her 18th birthday. Then, on her actual birthday, Celestin and others would market, sell and distribute the new child pornography.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and thus deny them on that basis. To the extent Paragraph 147 contains legal conclusions, no response is required.

148. On or about September 16, 2024, Ginoza expressly instructed Plaintiff to "do an icing / cake photoshoot" and sent Plaintiff an example of nude pictures of a female labeled "icing on nips." Later, Ginoza advised Plaintiff to follow "the birthday suit example set" and a "shower set."

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and thus deny them on that basis.

149. Plaintiff ultimately followed Ginoza's instructions to take nude photos of herself in the shower displaying her vagina and to take photos of her breasts with cake frosting on her nipples and uploaded the sexually explicit images to the Passes Vault sets with the themes "birthday," with "icing on nips," and "in the shower."

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and thus deny them on that basis. To the extent Paragraph 149 contains legal conclusions, no response is

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

required.

150. On or about September 18, 2024, Celestin sent Plaintiff a picture of a naked women as another example for a new photo for the 18th birthday themed marketing campaign. Plaintiff again followed Celestin's instructions, took a variation of the photos and uploaded them to the Passes Vault.

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and thus deny them on that basis.

151. Ginoza also shared with Plaintiff the pricing strategies. Ginoza would (a) "send them out as mass DM" through Passes for $500 but "exclude the big spenders who would spend $4k on them" or (b) "send out a text mass dm that says 'now that im 18 things are about to get wild, send me the 🫧 emoji if you want to see what I mean'" and then price gauge based on "fans['] spend".

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and thus deny them on that basis.

152. On or about September 21, 2024, Ginoza reminded Plaintiff to "upload the shower video when you get a chance," referring to a video that Plaintiff had made days earlier. Ginoza told Plaintiff that she was going to try to sell it for $4,000 to Plaintiff's "biggest spender."

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and thus deny them on that basis.

153. As part of the birthday campaign, Passes also hosted a banner titled "Alice's Tip Menu" with a picture that Celestin had taken of the then-17-year old

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

54

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

Plaintiff provocatively showing her buttocks. Among items advertised to Passes customers were "sexting," "dick rating," "stripping vid," "booty bundle," and "nudes."

**Answer**

The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and thus deny them on that basis.



154. The "stripping vid" and "nudes" were images and videos of Plaintiff, then 17 years old, engaged in sexually explicit conduct.

**Answer**

Paragraph 154 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided. To the extent Paragraph 154 contains any factual allegations, the Passes Defendants deny those allegations.

155. Into 2025, the Passes Defendants—wanting to preserve lucrative revenue streams and public metrics—-took no remedial action and continued to market child

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

604489631                                55
DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

pornography on the website, despite the fact that their proprietary machine learning software and human reviewers alerted the Passes Defendants to such content.

**Answer**

The Passes Defendants deny Paragraph 155.  To the extent Paragraph 155 contains legal conclusions, no response is required.

156. The Passes Defendants had been aware that CSAM was uploaded and distributed on their platform but failed to take action until or about February 24, 2025, after Plaintiff's counsel contacted the Passes Defendants' attorneys about the subject matter of this action. Similarly, on or about February 24, 2025, Passes abruptly removed the option for minors between 15 and 17 years old to join as Creators. Additionally, the aforementioned stringent internal safeguards for minor Creators have since vanished from the Passes Terms and Conditions and Guidelines.

**Answer**

The Passes Defendants admit that Passes removed the option for creators between 15 and 17 years of age to join in February 2025.  The Passes Defendants deny the balance of Paragraph 156.  To the extent Paragraph 156 contains legal conclusions, no response is required.

157. As detailed above, Guo personally took the following actions, among others, that directly harmed Plaintiff:

a. In or around late 2022 to early 2023, recruited Celestin to join Passes as head of Creator acquisition and strategy with the purpose of recruiting potential Creators, including individuals, like Plaintiff, aged 15 to 17 years old;

b. On or about August 10, 2024, overrode Passes' strict internal safety controls tailored for Creators aged 15 to 17 years old to substantially contribute to the Defendants' conspiracy to produce and sell CSAM;

c. On or about August 10, 2024, enabled Plaintiff's direct messaging function, in violation of Passes' internal restrictions and substantially contributing to the Defendants' conspiracy to produce and sell CSAM;

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

56

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

d. On or about August 13, 2024, spoke directly with Plaintiff by phone, instructing her on how and where to upload content onto the Passes Vault system, telling her that she "can upload anything," with the knowledge that Plaintiff was 17 years old; and

e. From August 13, 2024 to September 21, 2024, took no remedial action whatsoever in response to the uploaded CSAM involving Plaintiff, despite the existence of human moderator notes suggesting the existence of CSAM involving Plaintiff and despite the fact that Passes' proprietary machine learning classifiers reviewed each and every one of Plaintiff's photographs, marketing, and advertisements.

**Answer**

The Passes Defendants deny Paragraph 157.

158. Additionally, as outlined above, Guo and Passes granted actual and apparent authority and caused their agents Celestin and Ginoza, and WLM and Nofhotos, companies operated directly by Celestin, to take the following actions, among others, all of which directly harmed Plaintiff:

a. From in or around May 2024 to August 10, 2024, recruited Plaintiff to join Passes while she was still 17;

b. From on or around August 10, 2024 to September 21, 2024, expressly directed Plaintiff to create images and videos of herself engaged in sexually explicit conduct as described in detail above and to upload them to the Passes Vault;

c. On or about August 10, 2024, took photographs of 17-year-old Plaintiff at his residence;

d. On or about August 10, 2024, and August 12, 2024, induced Plaintiff to sign management contracts while still 17 years old; and

e. From on or about August 13, 2024 to September 21, 2024, marketed, sold, and distributed images and videos of Plaintiff engaged in sexually explicit conduct that they had created and produced;

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

57

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

The Passes Defendants deny Paragraph 158.  To the extent Paragraph 158 contains legal conclusions, no response is required.

159. Further, as detailed above, Guo and Passes had knowledge of the actions of their agents Celestin, Ginoza, WLM, and Nofhotos, which caused harm to Plaintiff. Among other facts supporting this factual allegation are that:

a. In or around late 2022 or early 2023, Guo recruited and hired Celestin from Fanfix to act as her and Passes' agent and lead Creator acquisition and strategy, instructing him to help the Passes Defendants build a Creator base, including by offering access to minors aged 15 to 17 years old;

b. Starting in or about early 2023, Celestin was an employee and/or agent of Passes and reported directly to Guo;

c. In or around 2023, Guo instructed Celestin to promote Passes by emphasizing Passes' artificially low commission rates and by emphasizing that Celestin and Passes' "higher-ups" such as Guo would personally help Creators create and upload content;

d. Starting in or around early 2023 and continuing throughout Celestin's employment at Passes, Guo authorized Celestin to act as her direct agent in dealing with Creators, like Plaintiff;

e. Starting in or around early 2023 and continuing throughout Celestin's employment at Passes, Guo and Celestin coordinated recruitment strategies through daily communications;

f. From in or around early 2023 to the present, Celestin communicated directly with Creators, including Plaintiff, via his official Passes accounts, and revenues from the sale and distribution of Plaintiff's images flowed through Passes' official financial systems; g. Starting in or around early 2023 and continuing throughout Celestin's employment at Passes, Guo authorized Celestin to set compensation, override internal restrictions, and represent Passes in Creator negotiations;

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

58

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

h. On December 12, 2023, Celestin represented to a Creator that Guo "personally asked" him to promise that Passes would offer Creators much higher profits than other platforms, and stated in conversations with potential Creators that Guo "personally asked" Celestin to reach out;

i. On August 14, 2023; February 28, 2024; and January 5, 2025, Guo endorsed Celestin's actions publicly through social media, and on the same dates, Celestin's social media heavily promoted his work for Passes, including via pictures with Guo; and

j. On or about August 10, 2024, Celestin represented himself as Guo's "business partner" and "the person running the creator side" of Passes.

**Answer**

The Passes Defendants deny Paragraph 159. To the extent Paragraph 159 contains legal conclusions, no response is required.

160. The claims here arise from Defendants' own unlawful conduct and Section 230 does not provide immunity from the consequences of their wrongful conduct. These facts establish that Defendants were responsible for the creation or development of unlawful material and acted as co-creators and distributors, not mere hosts. Specifically:

a. From in or around May 2024 to August 10, 2024, Defendants actively recruited, coerced, and induced 17-year-old Plaintiff to produce sexually explicit images;

b. On or about August 10, 2024, Celestin, as an agent of Passes and Guo, took sexually explicit photographs of Plaintiff at his residence;

c. On or about August 13, 2024, Guo deliberately overrode Passes' age verification and parental consent safeguards with the express purpose of allowing the upload of sexually explicit material involving Plaintiff;

d. On or about August 10, 2024, Guo enabled direct messaging on Plaintiff's account, in violation of internal restrictions;

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

59

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

e. On or about August 13, 2024, Guo spoke directly with Plaintiff, advising her on uploading explicit material and assuring her she "could upload anything;"

f. From on or about August 10, 2024, to September 21, 2024, Guo, Celestin, and Ginoza personally planned, directed, photographed, produced, edited, and marketed sexually explicit material involving Plaintiff;

g. From on or about August 13, 2024, to September 21, 2024, Passes stored, possessed, and sold CSAM through its proprietary Vault and messaging system;

h. From on or about August 13, 2024, to September 21, 2024, Defendants knowingly failed to remove or report CSAM flagged by their own algorithmic and human moderation processes;

i. From on or about August 10, 2024, to September 21, 2024, Celestin and Ginoza, as agents of Passes and Guo, scripted, priced, and advertised Plaintiff's images and videos under sexually explicit titles, managed mass marketing campaigns, and directly interacted with subscribers while posing as Plaintiff; and

j. From on or about September 16, 2024, to September 21, 2024, Celestin and Ginoza, as agents of Passes and Guo, produced and uploaded "birthday campaign" content featuring the 17-year-old Plaintiff in sexually explicit poses.

**Answer**

Paragraph 160 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided. To the extent Paragraph 160 contains any factual allegations, the Passes Defendants deny those allegations with respect to themselves. The Passes Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 in relation to the other defendants and thus deny them on that basis.

161. Defendants who create or develop unlawful material are not eligible for immunity under Section 230. By photographing, directing, editing, and monetizing CSAM, Defendants became primary producers, promoters, and traffickers of illegal material, not neutral intermediaries. Because they knowingly participated in the

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

60

production, possession, and sale of CSAM and benefited from child sex trafficking, their conduct falls squarely within statutory exceptions that foreclose immunity. Defendants created, developed, directed, marketed, distributed, and profited from the exploitation of a 17-year-old, acting as information content creators and providers— and as traffickers—while deliberately disabling safeguards meant to protect minors, failing to report or remediate known CSAM, and profiting from its circulation. This is bad faith exploitation. Section 230 does not immunize such conduct and offers no defense to any claim alleged in this Complaint.

**Answer**

Paragraph 161 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 161 contains any factual allegations, the Passes Defendants deny those allegations.

## CAUSES OF ACTION

## COUNT I

## RECEIPT, DISTRIBUTION AND POSSESSION OF CHILD PORNOGRAPHY

### Violation of 18 U.S.C. §§ 2252 AND 2252A

**(Plaintiff Against Defendants Passes, Celestin, Ginoza, Nofhotos, and WLM)**

162. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth and brought in this cause of action.

**Answer**

The Passes Defendants incorporate by reference the responses to the allegations of the SAC, including as set forth in Paragraphs 1 through 161.

163. The Defendants committed violations of 18 U.S.C. §§ 2252 and 2252A.

**Answer**

Paragraph 163 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

164. Plaintiff was a minor and a victim of violations of 18 U.S.C. § 2252 and

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

61

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

suffered personal injury as a result of such violations and is eligible to sue and recover damages and other forms of relief under 18 U.S.C. § 2255.

**Answer**

Paragraph 164 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

165. The Defendants knowingly received, possessed, advertised and distributed child pornography depicting then-minor Plaintiff.

**Answer**

The Passes Defendants deny Paragraph 165.  To the extent Paragraph 165 contains legal conclusions, no response is required.

166. The Defendants' receipt, possession, advertisement and distribution of child pornography occurred in or affected interstate or foreign commerce.

**Answer**

Paragraph 166 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 166 contains any factual allegations, the Passes Defendants deny those allegations.

167. As a proximate result of the Defendants' violation of 18 U.S.C. § 2252A, Plaintiff suffered serious harm, including physical, psychological, financial and reputational harm.

**Answer**

Paragraph 167 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 167 contains any factual allegations, the Passes Defendants deny those allegations.

168. The Defendants' conduct was malicious, oppressive or in reckless disregard of Plaintiff's rights. Plaintiff is entitled to injunctive relief, compensatory and punitive damages, reasonable attorney's fees, preliminary and equitable relief as deemed appropriate and the costs of maintaining this action. 18 U.S.C. § 2255(a).

**Answer**

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

62

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

Paragraph 168 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 168 contains any factual allegations, the Passes Defendants deny those allegations.

## COUNT II

## NONCONSENSUAL DISTRIBUTION OF INTIMATE CONTENT

### Violation of CA Civil Code § 1708.85

### (Plaintiff Against Passes, Nofhotos, WLM, and Ginoza)

169. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth and brought in this cause of action.

**<u>Answer</u>**

The Passes Defendants incorporate by reference the responses to the allegations of the SAC, including as set forth in Paragraphs 1 through 168.

170. The Defendants committed violations of CA Civil Code § 1708.85.

**<u>Answer</u>**

Paragraph 170 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 170 contains any factual allegations, the Passes Defendants deny those allegations.

171. CA Civil Code § 1708.85 provides a private right of action against a person who intentionally distributes a photograph, film, videotape, recording, or any other reproduction of another, without the other person's consent, if the distributed material exposes an intimate body part of the other person.

**<u>Answer</u>**

Paragraph 171 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 171 contains any factual allegations, the Passes Defendants deny those allegations.

172. The Defendants arranged for then-minor Plaintiff to provide them with CSAM.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

63

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

The Passes Defendants deny Paragraph 172.  To the extent Paragraph 172 contains legal conclusions, no response is required.

173. The Defendants knowingly received, possessed, advertised and distributed CSAM depicting Plaintiff, to which, as a minor, she could not consent.

**Answer**

The Passes Defendants deny Paragraph 173.  To the extent Paragraph 173 contains legal conclusions, no response is required.

174. The Defendants intentionally posted child pornography or other CSAM or allowed child pornography or other CSAM to be posted, depicting Plaintiff, and such child pornography or other CSAM was posted on additional third-party websites to which Plaintiff did not consent.

**Answer**

The Passes Defendants deny Paragraph 174.  To the extent Paragraph 174 contains legal conclusions, no response is required.

175. Defendants knew, or reasonably should have known, that such material would be posted on third-party websites to which Plaintiff did not consent.

**Answer**

The Passes Defendants deny Paragraph 175.  To the extent Paragraph 175 contains legal conclusions, no response is required.

176. Plaintiff was unaware that such child pornography and other CSAM would be posted on additional third-party websites.

**Answer**

The Passes Defendants deny Paragraph 176.  To the extent Paragraph 176 contains legal conclusions, no response is required.

177. As a proximate result of the Defendants' violation of CA Civil Code § 1708.85, Plaintiff suffered serious harm, including physical, psychological, financial and reputational harm. Plaintiff suffered general damages as a result of Defendants'

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

64

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

actions.

**Answer**

Paragraph 177 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided. To the extent Paragraph 177 contains any factual allegations, the Passes Defendants deny those allegations.

178. Defendants' conduct was malicious, oppressive or in reckless disregard of Plaintiff's rights. Plaintiff is entitled to injunctive relief, compensatory and punitive damages, reasonable attorney's fees, preliminary and equitable relief as deemed appropriate and the costs of maintaining this action. Cal. Civ. Code § 3294(a).

**Answer**

Paragraph 178 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided. To the extent Paragraph 178 contains any factual allegations, the Passes Defendants deny those allegations.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

### (Plaintiff Against Passes, Guo, Nofhotos, WLM, and Ginoza)

179. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth and brought in this cause of action.

**Answer**

The Passes Defendants incorporate by reference the responses to the allegations of the SAC, including as set forth in Paragraphs 1 through 178.

180. Each of the Defendants acted outrageously and (i) intended to cause Plaintiff emotional distress, or (ii) acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

**Answer**

The Passes Defendants deny Paragraph 180. To the extent Paragraph 180 contains legal conclusions, no response is required.

181. Each of the Defendants' conduct was a substantial factor in causing

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

65

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

Plaintiff harm.

**Answer**

The Passes Defendants deny Paragraph 181.  To the extent Paragraph 181 contains legal conclusions, no response is required.

182. Defendants' conduct was malicious, oppressive or in reckless disregard of Plaintiff's rights. Plaintiff is entitled to injunctive relief, compensatory and punitive damages, reasonable attorney's fees, preliminary and equitable relief as deemed appropriate and the costs of maintaining this action. Cal. Civ. Code § 3294(a).

**Answer**

Paragraph 182 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 182 contains any factual allegations, the Passes Defendants deny those allegations.

## COUNT IV

## NEGLIGENCE

## (Plaintiff Against Passes and Guo)

183. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth and brought in this cause of action.

**Answer**

The Passes Defendants incorporate by reference the responses to the allegations of the SAC, including as set forth in Paragraphs 1 through 182.

184. The Passes Defendants owed Plaintiff a duty to use reasonable care to avoid exposing her to foreseeable harm, including the duty to implement, maintain, and enforce effective safeguards to prevent the exploitation of minors; to refrain from soliciting, producing, possessing, publishing, or monetizing sexually explicit content involving minors; to vet, verify, and monitor creators, contractors, and affiliates; to respond reasonably to reports of child sexual abuse material (CSAM); and to design, operate, and supervise the platform and related business practices in a manner consistent with ordinary care under the circumstances.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

66

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

Paragraph 184 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided. To the extent Paragraph 184 contains any factual allegations, the Passes Defendants deny those allegations.

185. The Passes Defendants breached their duty by, among other acts and omissions, recruiting and inducing Plaintiff for the purpose of creating and distributing CSAM; knowingly overriding internal safety controls; facilitating production, upload, and distribution of CSAM; possessing, publishing, advertising, and selling CSAM; failing to remove or block access to known CSAM; sharing and monetizing CSAM; and ignoring, concealing, or suppressing reports and internal red flags indicating Plaintiff's minority and ongoing exploitation.

**Answer**

The Passes Defendants deny Paragraph 185. To the extent Paragraph 185 contains legal conclusions, no response is required.

186. As a result of the Passes Defendants' breach of their duty of care to Plaintiff, Plaintiff was harmed, including severe emotional distress, loss of privacy, reputational harm, and economic injury.

**Answer**

Paragraph 186 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided. To the extent Paragraph 186 contains any factual allegations, the Passes Defendants deny those allegations.

187. The Passes Defendants' negligence was a substantial factor in causing Plaintiff's harm.

**Answer**

Paragraph 187 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided. To the extent Paragraph 187 contains any factual allegations, the Passes Defendants deny those allegations.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

67

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

# COUNT V

## NEGLIGENT HIRING, SUPERVISION, OR RETENTION OF EMPLOYEE

### (Plaintiff Against Passes and Guo)

188. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth and brought in this cause of action.

**Answer**

The Passes Defendants incorporate by reference the responses to the allegations of the SAC, including as set forth in Paragraphs 1 through 187.

189. At all times relevant, Defendant Celestin was under the control of the Passes Defendants as an employee of Passes.

**Answer**

The Passes Defendants deny Paragraph 189. To the extent Paragraph 189 contains legal conclusions, no response is required.

190. The Passes Defendants hired, engaged, retained, assigned, and/or placed Defendant Celestin in a position of authority that he was unfit for, in light of the foreseeable risks of minor exploitation inherent in operating a monetized adult-content platform.

**Answer**

The Passes Defendants deny Paragraph 190. To the extent Paragraph 190 contains legal conclusions, no response is required.

191. Defendant Celestin, acting within the scope of his duties and utilizing authority and access provided by the Passes Defendants, recruited and groomed Plaintiff while she was a minor, facilitated production and publication of sexually explicit content involving Plaintiff, overrode or circumvented age verification, possessed and distributed CSAM, and monetized and promoted Plaintiff's illegal content.

**Answer**

The Passes Defendants deny Paragraph 191. To the extent Paragraph 191

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

68

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

contains legal conclusions, no response is required.

192. The Passes Defendants knew or should have known that Celestin was unfit to be an employee of Passes and that this unfitness created a particular risk to minor Creators such as Plaintiff.

**Answer**

The Passes Defendants deny Paragraph 192.  To the extent Paragraph 192 contains legal conclusions, no response is required.

193. As a result of the Passes Defendants' breach of their duty of care to Plaintiff, Plaintiff was harmed, including severe emotional distress, loss of privacy, reputational harm, and economic injury.

**Answer**

Paragraph 193 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 193 contains any factual allegations, the Passes Defendants deny those allegations.

194. The Passes Defendants' negligence was a substantial factor in causing Plaintiff's harm.

**Answer**

Paragraph 194 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 194 contains any factual allegations, the Passes Defendants deny those allegations.

**COUNT VI**

**ENGAGEMENT IN HUMAN TRAFFICKING**

**Violation of CA Civ. Code § 52.5**

**(Plaintiff Against Passes, Guo, Nofhotos, WLM, and Ginoza)**

195. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth and brought in this cause of action.

**Answer**

The Passes Defendants incorporate by reference the responses to the allegations

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

69

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

of the SAC, including as set forth in Paragraphs 1 through 194.

196. California Civil Code § 52.5(a) provides a private right of action for "[a] victim of human trafficking, as defined in Section 236.1 of the Penal Code." California Penal Code § 236.1 defines "human trafficking" as, among other things, the causation, inducement, or persuasion, or attempt to cause, induce, or persuade, "a person who is a minor at the time of commission of the offense to engage in a commercial sex act." CA Penal Code § 236.1.

**Answer**

Paragraph 196 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 196 contains any factual allegations, the Passes Defendants deny those allegations.

197. Defendants, and each of them, directly engaged in human trafficking of Plaintiff while she was a minor, in violation of Penal Code § 236.1 by recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting Plaintiff for the purpose of causing Plaintiff to engage in commercial sex acts.

**Answer**

The Passes Defendants deny Paragraph 197.  To the extent Paragraph 197 contains legal conclusions, no response is required.

198. In addition, and/or in the alternative, Defendants knowingly benefited, financially or by receiving anything of value, from participation in a venture that they knew or should have known engaged in human trafficking of Plaintiff, including but not limited to the recruitment, production, advertising, sale, distribution, promotion, monetization, and dissemination of unlawful content and services obtained through trafficking of Plaintiff.

**Answer**

The Passes Defendants deny Paragraph 198.  To the extent Paragraph 198 contains legal conclusions, no response is required.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

604489631

70

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

199. Defendants' conduct included, without limitation, the knowing direction, inducement, facilitation, and control of the trafficking scheme; the creation and maintenance of mechanisms and policies that enabled and concealed the trafficking; the overriding or circumventing of safety and verification protocols; and the monetization and promotion of trafficking-derived content, all of which constituted participation in a trafficking venture and the knowing receipt of benefits therefrom.

**Answer**

The Passes Defendants deny Paragraph 199.  To the extent Paragraph 199 contains legal conclusions, no response is required.

200. As a direct and proximate result of Defendants' violations of California Civil Code § 52.5, Plaintiff suffered harm, including severe emotional distress, psychological injury, loss of dignity and autonomy, invasion of privacy, reputational harm, economic losses, and other damages in an amount to be proven at trial.

**Answer**

Paragraph 200 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 200 contains any factual allegations, the Passes Defendants deny those allegations.

201. Defendants acted willfully, maliciously, oppressively, fraudulently, and/or with reckless disregard for Plaintiff's rights and safety, thereby warranting the imposition of punitive and exemplary damages.

**Answer**

Paragraph 201 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 201 contains any factual allegations, the Passes Defendants deny those allegations.

202. Plaintiff is entitled to all remedies available under California Civil Code § 52.5, including, without limitation, compensatory damages, injunctive and other equitable relief, punitive damages, restitution, and reasonable attorneys' fees and costs.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

71

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

Paragraph 202 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 202 contains any factual allegations, the Passes Defendants deny those allegations.

## COUNT VII

## CIVIL CONSPIRACY

### (Plaintiff Against Passes, Guo, Nofhotos, WLM, and Ginoza)

In the alternative, given that the Passes Defendants dispute the existence of any employment or agency relationship between them and any other Defendants, and to the extent the Court determines that Defendants Celestin, Nofhotos, WLM, and Ginoza were not employees and/or agents of Defendants Passes and Guo during the relevant time period and with respect to the relevant acts herein alleged, Plaintiff alleges this claim for civil conspiracy:

203. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth and brought in this cause of action.

**Answer**

The Passes Defendants incorporate by reference the responses to the allegations of the SAC, including as set forth in Paragraphs 1 through 202.

204. Passes and Guo, on the one hand, and Celestin, Ginoza, Nofhotos, and WLM, on the other, formed and operated a common plan and agreement to commit unlawful acts, or to commit lawful acts by unlawful means, specifically, for the purpose of recruiting, grooming, and exploiting minor Plaintiff to produce, possess, market, sell, and distribute CSAM depicting Plaintiff.

**Answer**

The Passes Defendants deny Paragraph 204.  To the extent Paragraph 204 contains legal conclusions, no response is required.

Footnote 6: As set forth *supra* n.1, claims against the debtor Celestin are stayed. While Celestin participated in the conspiracy, Plaintiff does not assert this claim at

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

72

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

this time, per 11 U.S.C. § 362(a).

**Answer**

The Passes Defendants incorporate by reference their response to Footnote 1 and restate that the filings in the bankruptcy case bearing the case number 8:25-bk-10841-SC (Bankr. C.D. Cal.) speak for themselves.

205. This plan and agreement included Guo's authorization of Celestin's recruitment strategies and her approval of the use of Passes systems to solicit and monetize creators.

**Answer**

The Passes Defendants deny Paragraph 205. To the extent Paragraph 205 contains legal conclusions, no response is required.

206. These unlawful means included the recruitment, production, possession, distribution, and monetization of sexually explicit content involving then-minor Plaintiff; the intrusion upon then-minor Plaintiff; and the public disclosure of private sexual images of minor Plaintiff.

**Answer**

The Passes Defendants deny Paragraph 206. To the extent Paragraph 206 contains legal conclusions, no response is required.

207. In furtherance of the conspiracy, Defendants implemented specific policies to attract and exploit minors such as promising significant profits; shared methods of bypassing age controls and other safety measures; directed, promoted, and monetized illegal CSAM content; and suppressed removal, reporting, and moderation.

**Answer**

The Passes Defendants deny Paragraph 207. To the extent Paragraph 207 contains legal conclusions, no response is required.

208. At all times relevant, Defendant Celestin acted not only in his individual capacity, but on behalf of Defendant WLM and Defendant Nofhotos as the entities' founder, owner, and controlling principal.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

73

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

**Answer**

The Passes Defendants deny Paragraph 208 with respect to themselves. The Passes Defendants lack knowledge or information as to the allegations in Paragraph 208 specific to the other defendants. To the extent Paragraph 208 contains legal conclusions, no response is required.

209. Each Defendant committed has had one or more overt acts pursuant to and in furtherance of the conspiracy and provided substantial assistance and encouragement to the others to accomplish the unlawful objectives.

**Answer**

The Passes Defendants deny Paragraph 209. To the extent Paragraph 209 contains legal conclusions, no response is required.

## COUNT VIII

## DECLARATORY JUDGMENT

### (Plaintiff Against Defendant Celestin)

210. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth and brought in this cause of action.

**Answer**

Paragraph 210 does not call for a response by the Passes Defendants, but they nevertheless incorporate by reference the responses to the allegations of the SAC, including as set forth in Paragraphs 1 through 209.

211. In accordance with 28 U.S.C. § 2201, an actual controversy exists between Plaintiff and Celestin regarding Plaintiff's contractual obligations entered into between Plaintiff, a minor, and Celestin on August 10, 2024.

**Answer**

Paragraph 211 does not call for a response by the Passes Defendants, but they nevertheless state that Paragraph 211 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

212. Under California law, a person under 18 years old in California lacks the

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

74

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

capacity to contract. Cal. Civ. Code § 1556.

**Answer**

Paragraph 212 does not call for a response by the Passes Defendants, but they nevertheless state that Paragraph 212 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

213. Plaintiff seeks and is entitled to a declaration that the contract dated August 10, 2024,is null and void, and unenforceable by Celestin.

**Answer**

Paragraph 213 does not call for a response by the Passes Defendants, but they nevertheless state that Paragraph 213 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

**COUNT IX**

**DECLARATORY JUDGMENT**

**(Plaintiff Against Defendants WLM and Celestin)**

214. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth and brought in this cause of action.

**Answer**

Paragraph 214 does not call for a response by the Passes Defendants, but they nevertheless incorporate by reference the responses to the allegations of the SAC, including as set forth in Paragraphs 1 through 213.

215. In accordance with 28 U.S.C. § 2201, an actual controversy exists between Plaintiff, and WLM and Celestin, regarding Plaintiff's contractual obligations entered into between Plaintiff, a minor, and WLM and Celestin on August 12, 2024.

**Answer**

Paragraph 215 does not call for a response by the Passes Defendants, but they nevertheless state that Paragraph 215 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

216. Under California law, a person under 18 years old in California lacks the

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

604489631

75

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

capacity to contract. Cal. Civ. Code § 1556.

**Answer**

Paragraph 216 does not call for a response by the Passes Defendants, but they nevertheless state that Paragraph 216 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

217. Plaintiff seeks and is entitled to a declaration that the contract between WLM and Plaintiff dated August 12, 2024, is null and void and unenforceable by WLM and Celestin.

**Answer**

Paragraph 217 does not call for a response by the Passes Defendants, but they nevertheless state that Paragraph 217 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

## COUNT X

## DECLARATORY JUDGMENT

### (Plaintiff Against Defendants Nofhotos and Celestin)

218. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth and brought in this cause of action.

**Answer**

Paragraph 218 does not call for a response by the Passes Defendants, but they nevertheless incorporate by reference the responses to the allegations of the SAC, including as set forth in Paragraphs 1 through 217.

219. In accordance with 28 U.S.C. § 2201, an actual controversy exists between Plaintiff and Nofhotos and Celestin regarding Plaintiff's contractual obligations entered into between Plaintiff, a minor, and Nofhotos and Celestin on December 24, 2024.

**Answer**

Paragraph 219 does not call for a response by the Passes Defendants, but they nevertheless state that Paragraph 219 consists of legal conclusions as to which no

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

604489631

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

response is required; they are thus considered denied or avoided.

220. The contractual obligations involved Plaintiff producing child pornography, in violation of federal and state law. Any contract that violates federal or state law is unenforceable.

**Answer**

Paragraph 220 does not call for a response by the Passes Defendants, but they nevertheless state that Paragraph 220 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

221. The contract dated December 24, 2024, is unenforceable because the management fee commission is usurious and unconscionable.

**Answer**

Paragraph 221 does not call for a response by the Passes Defendants, but they nevertheless state that Paragraph 221 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

222. Plaintiff seeks and is entitled to a declaration that the contract between Nofhotos and Plaintiff dated December 24, 2024 is null and void and unenforceable by Nofhotos and Celestin.

**Answer**

Paragraph 222 does not call for a response by the Passes Defendants, but they nevertheless state that Paragraph 222 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

With respect to the Prayer for Relief of the SAC, the Passes Defendants deny that Plaintiff is entitled to any of the relief requested. The Passes Defendants deny that Plaintiff has been, is being, or will be harmed or damaged by them in any way, and thus deny any and all of the allegations in the Prayer for Relief of the SAC.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Passes Defendants further plead the following separate and additional defenses. By pleading

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

77

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

these defenses, the Passes Defendants do not in any way agree or concede that they have the burden of proof or persuasion on any of these issues.  The Passes Defendants reserve the right to assert such additional affirmative defenses as discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State a Claim Upon Which Relief May Be Granted)

1.    The SAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Immunity Under 47 U.S.C. § 230)

2.    The SAC is barred, in whole or in part, by the immunity provided by Section 230 of the Communications Decency Act.

## THIRD AFFIRMATIVE DEFENSE

### (Consent or Waiver)

3.    The SAC is barred, in whole or in part, based on principles of consent and waiver, including because Plaintiff and/or her agents and legal guardians consented to or authorized the conduct at issue or waived the right to pursue any remedy against the Passes Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### (Acquiescence or Estoppel)

4.    The SAC is barred, in whole or in part, because Plaintiff and/or her agents and legal guardians knowingly permitted the conduct at issue.

## FIFTH AFFIRMATIVE DEFENSE

### (Approval or Ratification)

5.    The SAC is barred, in whole or in part, because Plaintiff and/or her agents and legal guardians approved or ratified the conduct at issue or an agreement waiving the right to pursue any remedy against the Passes Defendants.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

604489631                                    78

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands or *In Pari Delicto*)

6. The SAC is barred, in whole or in part, by the unclean hands of Plaintiff, her agents, and legal guardians and the doctrine of *in pari delicto*.

## SEVENTH AFFIRMATIVE DEFENSE

### (Superseding or Intervening Cause)

7. The SAC is barred, in whole or in part, due to a superseding or intervening cause.

## EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Fault or Negligence)

8. The SAC is barred, in whole or in part, by principles of comparative fault or negligence. Any injury or damage to Plaintiff was caused by the negligent, reckless, and/or intentional conduct of others.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9. The SAC is barred, in whole or in part, because of Plaintiff's failure to mitigate the alleged damages, if any, and any recovery by Plaintiff should be reduced or denied accordingly.

## TENTH AFFIRMATIVE DEFENSE

### (Offset or Setoff)

10. To the extent that Plaintiff owes money to the Passes Defendants, or Plaintiff is owed money by other parties or nonparties, Plaintiff's recovery should be reduced according to the doctrine of offset or setoff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Election of Remedies)

11. The SAC is barred, in whole or in part, by the doctrine of election of remedies, which prohibits the recovery of inconsistent or duplicative remedies based on the same set of facts.

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

604489631

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT

## TWELFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

12. The Passes Defendants reserve the right to assert additional defenses upon discovery of further information concerning Plaintiff's claims.

## PRAYER FOR RELIEF

WHEREFORE, the Passes Defendants pray for relief as follows:

1. That the SAC be dismissed, with prejudice in its entirety;

2. That Plaintiff takes nothing by this action and the judgment be entered against Plaintiff and in favor of the Passes Defendants;

3. That the Passes Defendants be found the prevailing party and awarded any allowable costs, fees, and interest, to the maximum extent permitted by law, by statute, by contract, or in equity; and

4. That the Passes Defendants be granted such other and further relief as the Court may deem just and proper

DATED: March 6, 2026          KENDALL BRILL & KELLY LLP


By:      /s/ Bert H. Deixler
         Bert H. Deixler
         Attorneys for Attorneys for Defendants
         Passes, Inc. and Lucy Guo

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA90067

604489631

80

DEFENDANTS PASSES, INC.'S AND LUCY GUO'S ANSWER TO SECOND AMENDED COMPLAINT